Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Kevin A Yurcisin**
Debtor(s)

Bankruptcy Case No.: 19–22076–JAD
Issued Per 8/27/2020 Proceeding
Chapter: 13
Docket No.: 70 – 59, 61
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* *PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 23, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.
Claim No. 5–2 of PennyMac Loan Servicing, LLC governs with implemented payment changes.
Claim No. 6 of ACAR Leasing, LTD. will not receive any additional payments.

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**     **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**     **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**     **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**     **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**     **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: September 2, 2020

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 19-22076-JAD
Kevin A Yurcisin                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: msch              Page 1 of 2              Date Rcvd: Sep 02, 2020
                              Form ID: 149            Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 04, 2020.
```
db         +Kevin A Yurcisin,    PO Box 229,   Adamsburg, PA 15611-0229
cr         +ACAR Leasing LTD d/b/a GM Financial Leasing,    4000 Embarcadero Dr.,   Arlington, TX 76014-4101
cr         +PHEPLE FEDERAL CREDIT UNION f/k/a WESTMORELAND COM,    2900 SEMINARY DRIVE,   BUILDING G,
             GREENSBURG, PA 15601-3734
15106044   +ACAR Leasing LTD,   d/b/a GM Financial Leasing,    P.O. Box 183853,   Arlington, TX 76096-3853
15066419   +Fifth Third Bank,   PO Box 9013,   Addison, Texas 75001-9013
15056902   +Mb Financial Bank,    6111 N River Rd,   Rosemont, IL 60018-5111
15056903   +Mb Financial Bank,    Attn: Bankruptcy Dept.,   800 West Madison Street,
             Chicago, IL 60607-2683
15097303   +PennyMac Loan Services, LLC,    P.O. Box 2410,   Moorpark, CA 93020-2410
15056906   +Pennymac Loan Services,    Correspondence Unit/Bankruptcy,   Po Box 514387,
             Los Angeles, CA 90051-4387
15056905   +Pennymac Loan Services,    Po Box 514387,   Los Angeles, CA 90051-4387
15056907   +Pheple Fcu,   P.o. Box 983,   Greensburg, PA 15601-0983
15088255   +Wells Fargo Bank N.A., d/b/a Wells Fargo Auto,    PO Box 130000,   Raleigh, NC 27605-1000
15056908   +Wells Fargo Dealer Services,    Po Box 10709,   Raleigh, NC 27605-0709
15056909   +Wells Fargo Dealer Services,    Attn: Bankruptcy,   Po Box 19657,   Irvine, CA 92623-9657
15056901   +loanDepot,   Attn: Bankruptcy,   Po Box 250009,   Plano, TX 75025-0009
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 03 2020 05:02:38
             PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
15056897   +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Sep 03 2020 04:57:29
             AmeriCredit/GM Financial,    Po Box 181145,   Arlington, TX 76096-1145
15056898    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 03 2020 05:04:24      Capital One,
             15000 Capital One Dr,   Richmond, VA 23238
15056899   +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 03 2020 05:02:20      Capital One,
             Attn: Bankruptcy,   Po Box 30285,   Salt Lake City, UT 84130-0285
15081595    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 03 2020 05:03:17
             Capital One Bank (USA), N.A.,    by American InfoSource as agent,   PO Box 71083,
             Charlotte, NC  28272-1083
15075324   +E-mail/PDF: gecsedi@recoverycorp.com Sep 03 2020 05:03:09      Synchrony Bank,
             c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
15094551    E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 03 2020 05:04:49      Verizon,
             by American InfoSource as agent,   PO Box 4457,   Houston, TX 77210-4457
15056900   +E-mail/Text: bknotification@loandepot.com Sep 03 2020 04:59:31      loanDepot,
             26642 Towne Center Dr,   Foothill Ranch, CA 92610-2808
                                                                                              TOTAL: 8
```
```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PENNYMAC LOAN SERVICES, LLC
cr              Wells Fargo Bank NA, dba Wells Fargo Auto
15056904       ##Paypal Creidt,   PO Box 105658,   Atlanta, GA 30348-5658
                                                                                   TOTALS: 2, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 04, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2          User: msch              Page 2 of 2            Date Rcvd: Sep 02, 2020
                              Form ID: 149            Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 2, 2020 at the address(es) listed below:

```
          James   Warmbrodt     on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
          Joseph F. Nicotero    on behalf of Plaintiff Kevin A Yurcisin niclowlgl@comcast.net
          Karina   Velter    on behalf of Creditor    Wells Fargo Bank NA, dba Wells Fargo Auto
           amps@manleydeas.com
          Natalie N. Piscione    on behalf of Creditor    PHEPLE FEDERAL CREDIT UNION f/k/a WESTMORELAND
           COMMUNITY FEDERAL CREDIT UNION covellilawoffices@yahoo.com,   ndantonio@covellilaw.com
          Natalie N. Piscione    on behalf of Defendant    PHEPLE FCU, f/k/a WESTMORELAND COMMUNITY FCU
           covellilawoffices@yahoo.com,   ndantonio@covellilaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          Scott R. Lowden    on behalf of Debtor Kevin A Yurcisin niclowlgl@comcast.net
          William E. Craig    on behalf of Creditor    ACAR Leasing LTD d/b/a GM Financial Leasing
           ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                             TOTAL: 9
```